UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**TAYLOR NEUBAUER,**
**individually and on behalf of**
**all others similarly situated,**

        Plaintiff,                     CASE NO. 22-CV-236

    v.

**SPERL INC.,**
**d/b/a Subway**

    and

**MICHELLE L. SPERL,**

        Defendants.

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

### PRELIMINARY STATEMENT

1.   This is a collective and class action brought by Plaintiff Taylor Neubauer, individually and on behalf of the members of the proposed classes identified below. Plaintiff and the putative class members are, or were, hourly employees of Defendants Sperl Inc., d/b/a Subway and Michelle L. Sperl (collectively "Sperl") at times since April 27, 2019. Sperl has a common policy and practice that fails to pay Plaintiff and the putative classes members for all hours worked in excess of forty each workweek. In addition, Sperl has a common policy and practice of shifting Plaintiff and the putative class members' hours worked from one workweek to another to avoid paying overtime premiums.

2. As a result of the above-mentioned policies and practices, Sperl has denied Plaintiff Taylor Neubauer and the putative class members of overtime pay in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") as well as Wisconsin law.

3. Plaintiff Taylor Neubauer brings this action, individually and on behalf of other similarly situated current and former hourly employees, as a collective action pursuant to the FLSA for the purpose of obtaining relief, including unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

4. Plaintiff Taylor Neubauer also brings this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage and hour laws for unpaid overtime compensation, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

6. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Western District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendant Sperl has substantial and systematic contacts in this district.

## PARTIES

8. Defendant Sperl Inc. is a Wisconsin Corporation with a principal place of business located in Stevens Point, Wisconsin. Sperl Inc.'s registered agent for service of process in the State of Wisconsin is Michelle L. Sperl located in Stevens Point, Wisconsin.

9. Defendant Michelle L. Sperl ("Ms. Sperl") is an adult resident of Taylor County in the State of Wisconsin. Ms. Sperl is an owner of Sperl, Inc. and has had control over the Sperl, Inc.'s human resources and payroll practices at all times since April 27, 2019.

10. Plaintiff Taylor Neubauer is an adult resident of Clark County in the State of Wisconsin. Plaintiff Neubauer is a former employee of Sperl who worked as a Cashier and Assistant Manager at Sperl's Subway restaurant in Colby, Wisconsin from on or around June of 2018 to on or around February 2, 2022.

11. Plaintiff Neubauer's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A to this Complaint and is incorporated herein.

12. Plaintiff Neubauer brings this action individually and on behalf of the Collective Overtime Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Overtime Class** is defined as follows:

> All persons who are or have been employed by Sperl and who were paid on an hourly basis at any time since April 27, 2019.

13. Plaintiff Neubauer brings this action individually and on behalf of the Wisconsin Overtime Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Overtime Class** is defined as follows:

> All persons who are or have been employed by Sperl in Wisconsin and who were paid on an hourly basis at any time since April 27, 2020.

14. The Collective Overtime Class and the Wisconsin Overtime Class will be jointly referred to as the "Classes" hereinafter.

## GENERAL ALLEGATIONS

15. Plaintiff Neubauer and the Collective Overtime Class work, or have worked, for Sperl as hourly employees of Sperl's Subway Restaurants at times since April 27, 2019.

16. Plaintiff Neubauer and the Wisconsin Overtime Class work, or have worked, for Sperl as hourly employees at Sperl's Subway restaurants at times since April 27, 2020.

17. Sperl owns and operates Subway restaurants in and around Colby, Wisconsin.

18. Since April 27, 2019, Plaintiff Neubauer and the Classes have been paid on an hourly basis for their work at Sperl's Subway restaurants.

19. Since April 27, 2019, Sperl has agreed to pay Plaintiff Neubauer and the Classes' members at specific hourly rates in exchange for their hours worked in each workweek for Sperl.

20. Since April 27, 2019, Sperl has had a common policy and practice of failing to pay Plaintiff Neubauer and the Classes' members for hours worked in excess of forty in a given workweek.

21. Additionally, since April 27, 2019, Sperl has had a policy of only paying hourly employees for a maximum of 80 hours in a two week pay period.

22. As an illustrative example, during the workweek of June 30, 2021 through July 6, 2021, Plaintiff Neubauer worked 44.12 hours. During the following workweek of July 7, 2021 through July 13, 2021, Plaintiff Neubauer worked 46.53 hours. This is a total of 90.65 hours worked by Plaintiff Neubauer for the bi-weekly pay period. However, for the pay period of June 30, 2021 to July 13, 2021, Sperl only paid Plaintiff Neubauer for 80 total hours of work at her regular rate of pay of $12.00 per hour.

23. Since April 27, 2019, Sperl has regularly suffered or permitted the Plaintiff Neubauer and the Classes to work more than forty hours during workweeks without providing them compensation for all hours worked at their applicable regular rates.

24. As a result of Sperl's policies and practices as alleged herein, Sperl improperly denied Plaintiff Neubauer and the Classes' members of compensation at one and one-half times their respective regular rates for hours worked in excess of forty in many workweeks since April 27, 2019.

25. Sperl's conduct, as set forth in this complaint, was willful, dilatory, unjust, and in bad faith, and has caused significant damages to Plaintiff Neubauer and the Classes' members.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

26. Plaintiff Neubauer and the Collective Overtime Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Sperl's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them at the applicable overtime rate for each hour worked over forty in a workweek. The claims of Plaintiff Neubauer as stated herein are the same as those of the Collective Overtime Class.

27. The FLSA Section 216(b) Collective Overtime Class's members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from Sperl. Notice can be provided to the Collective Overtime Class via first class mail to the last address known to Sperl and through postings at Sperl's facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

28. Plaintiff Neubauer brings her Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Overtime Class for violations occurring on or after April 27, 2020 (the "Wisconsin Overtime Class Period").

29. The proposed Wisconsin Overtime Class's members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Sperl, upon information and belief, there are at least forty members in the Wisconsin Overtime Class.

30. Plaintiff Neubauer's claims are typical of those claims that could be alleged by any member of the Wisconsin Overtime Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Overtime Class in separate actions. The alleged claims arise out of the same corporate practice and/or policy of Sperl and Sperl benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Overtime Class. Plaintiff Neubauer and the other members of the Wisconsin Overtime Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

31. Plaintiff Neubauer is able to fairly and adequately protect the interests of the Wisconsin Overtime Class, has no interests antagonistic to the Wisconsin

Overtime Class, and has retained counsel experienced in complex wage and hour class action litigation.

32. These are questions of fact and law common to the Wisconsin Overtime Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Sperl's actions include, without limitation, the following:

  a) Whether Sperl's compensation policies and practices violated Wisconsin's wage and hour laws;

  b) Whether Sperl failed to pay the Wisconsin Overtime Class's members proper overtime compensation for all hours over 40 in a workweek that Sperl suffered or permitted the Wisconsin Overtime Class's members to perform; and

  c) The nature and extent of class-wide injury and the measure of damages for the injury.

33. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

34. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended

35. Plaintiff Neubauer, individually and on behalf of the Collective Overtime Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

36. Since April 27, 2019, Plaintiff Neubauer and the Collective Overtime Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq*.

37. Since April 27, 2019, Sperl has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

38. Since April 27, 2019, Plaintiff Neubauer and the members of the Collective Overtime Class have been employees within the meaning of 29 U.S.C. § 203(e).

39. Since April 27, 2019, Sperl has been an employer of Plaintiff Neubauer and the Collective Overtime Class as provided under 29 U.S.C. § 203(d).

40. Since April 27, 2019, Sperl has violated the FLSA by failing to pay overtime compensation due to Plaintiff Neubauer and the Collective Overtime Class for each hour worked in excess of forty hours in any given workweek.

41. Plaintiff Neubauer and the Collective Overtime Class are entitled to damages equal to mandated overtime premium pay for all hours worked within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Sperl acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

42. Alternatively, should the Court find that Sperl did not act willfully in failing to pay overtime premium wages, Plaintiff Neubauer and the Collective Overtime Class are entitled to an award of pre-judgment interest at the applicable legal rate.

43. Pursuant to FLSA, 29 U.S.C. §216(b), Plaintiff Neubauer and the Collective Overtime Class's members are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Overtime Compensation

44. Plaintiff Neubauer, individually and on behalf of the Wisconsin Overtime Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

45. Since April 27, 2020, Plaintiff Neubauer and the Wisconsin Overtime Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

46. Since April 27, 2020, Plaintiff Neubauer and the Wisconsin Overtime Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

47. Since April 27, 2020, Plaintiff Neubauer and the Wisconsin Overtime Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

48. Since April 27, 2020, Plaintiff Neubauer and the Wisconsin Overtime Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

49. Since April 27, 2020, Plaintiff Neubauer and the Wisconsin Overtime Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

50. Since April 27, 2020, Sperl Inc. was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

51. Since April 27, 2020, Sperl Inc. was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

52. Since April 27, 2020, Sperl Inc. was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

53. Since April 27, 2020, Sperl Inc. was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

54. Since April 27, 2020, Sperl Inc. was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

55. Since April 27, 2020, Ms. Sperl was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

56. Since April 27, 2020, Ms. Sperl was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

57. Since April 27, 2020, Ms. Sperl was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

58. Since April 27, 2020, Ms. Sperl was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

59. Since April 27, 2020, Ms. Sperl was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

60. Since April 27, 2020, Sperl Inc. has employed, and/or continues to employ Plaintiff Neubauer and the Wisconsin Overtime Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

61. Since April 27, 2020, Sperl Inc. has employed, and/or continues to employ Plaintiff Neubauer and the Wisconsin Overtime Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

62. Since April 27, 2020, Sperl Inc. has employed, and/or continues to employ Plaintiff Neubauer and the Wisconsin Overtime Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

63. Since April 27, 2020, Sperl Inc. has employed, and/or continues to employ Plaintiff Neubauer and the Wisconsin Overtime Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

64. Since April 27, 2020, Sperl Inc. has employed, and/or continues to employ Plaintiff Neubauer and the Wisconsin Overtime Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

65. Since April 27, 2020, Ms. Sperl has employed, and/or continues to employ Plaintiff Neubauer and the Wisconsin Overtime Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

66. Since April 27, 2020, Ms. Sperl has employed, and/or continues to employ Plaintiff Neubauer and the Wisconsin Overtime Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

67. Since April 27, 2020, Ms. Sperl has employed, and/or continues to employ Plaintiff Neubauer and the Wisconsin Overtime Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

68. Since April 27, 2020, Ms. Sperl has employed, and/or continues to employ Plaintiff Neubauer and the Wisconsin Overtime Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

69. Since April 27, 2020, Ms. Sperl has employed, and/or continues to employ Plaintiff Neubauer and the Wisconsin Overtime Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

70. Since April 27, 2020, Sperl had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Overtime Class overtime wages for all hours worked in excess of forty hours in a given workweek.

71. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

72. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime compensation.

73. As set forth above, Plaintiff Neubauer and the Wisconsin Overtime Class have sustained losses in their compensation as a proximate result of Sperl's

violations. Accordingly, Plaintiff Neubauer, individually and on behalf of the Wisconsin Overtime Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring Sperl to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

74. Under Wis. Stat. §109.11, Plaintiff Neubauer and the Wisconsin Overtime Class are entitled to liquidated damages equal and up to fifty percent of their unpaid wages.

75. Plaintiff Neubauer, individually and on behalf of the Wisconsin Overtime Class, is entitled to recovery of their attorneys' fees and the costs of this action to be paid by Sperl, pursuant to Wisconsin law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Neubauer, individually and on behalf of all members of the Collective Overtime Class and the Wisconsin Overtime Class hereby requests the following relief:

a) At the earliest time possible, an order designating this action as a collective action on behalf of the Collective Overtime Class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

b) At the earliest time possible, an order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Overtime Class;

c) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

d) An order designating Plaintiff Taylor Neubauer as the Named Plaintiff and as representative of the Wisconsin Overtime Class set forth herein;

e) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring Sperl's actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations;

g) An Order finding that Sperl violated the FLSA and Wisconsin wage and hour law;

h) An Order finding that these violations are willful;

i) Judgement against Sperl in an amount equal to Plaintiff Neubauer's, the Collective Overtime Class's, and the Wisconsin Overtime Class's unpaid wages at the applicable overtime premium rates;

j) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

k) An award in the amount of all costs and attorney's fees incurred prosecuting these claims as well as pre-judgment and post-judgement interest; and

l) Such further relief as the Court deems just and equitable.

Dated this 27th day of April 2022.

Respectfully submitted,

 *s/ Timothy P. Maynard*
Timothy P. Maynard
Bar Number 1080953
Larry A. Johnson
Bar Number 1056619
Summer H. Murshid
Bar Number 1075404

**Hawks Quindel, S.C.**
5150 N. Port Washington Road
Suite 243

        Milwaukee, WI  53217
        Telephone: 414-271-8650
        Fax: 414-207-6079
        E-mail:  ljohnson@hq-law.com
           smurshid@hq-law.com
           tmaynard@hq-law.com