IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAYLOR NEUBAUER, individually and
on behalf of all others similarly situated,

               Plaintiff,

      v.

SPERL INC., d/b/a Subway and
MICHELLE L. SPERL,

               Defendants.

ORDER

22-cv-236-slc

---

In an order entered on October 21, 2022, I preliminarily approved the settlement agreement reached by the parties, certified a collective action under the Fair Labor Standards Act (FLSA) and a Wisconsin state law class under Federal Rule of Civil Procedure 23, and appointed plaintiff Taylor Neubauer as the class representative and Hawks Quindel as class counsel. Dkt. 27. I also asked class counsel to revise the notice to putative class members to address three concerns that I had related to the identification of class counsel, the reporting of unpaid wages to the IRS, and the release of claims. Class counsel has submitted a revised notice that addresses these concerns and otherwise satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B). *See* dkt. 29.

Accordingly, IT IS ORDERED that:

1. The parties' revised Notice of Class Action Settlement, dkt. 29-1, and the Consent Form, dkt. 19-8, are APPROVED for distribution to all putative members of the Wisconsin class and the FLSA collective class by United States Mail, which the court finds to be valid, due, and sufficient notice to members of the previously-certified classes.

2.  Defendants shall provide the most recent mailing addresses for putative class members to the class counsel within seven days of the date of this order.

3.  Class counsel shall mail the approved notice and consent form to putative class members within 14 days of receiving the most recent mailing addresses from defendants.

4.  Any member of the FLSA collective class who wishes to participate in the parties' settlement of the FLSA claims as alleged in the First Amended Complaint, and who has not already done so, shall return a consent form within thirty (30) days of class counsel mailing the notice, as described in the parties' settlement agreement.

5.  Any member of the Wisconsin class who wishes to exclude themselves from the parties' settlement of Wisconsin law claims as alleged in the First Amended Complaint shall exclude themselves per the instructions set forth in the Notice within thirty (30) days of the mailing of the notice.

6.  Any member of the Wisconsin class who does not exclude themselves accordingly shall be bound by the court's final approval of the settlement agreement.

7.  Any member of the Wisconsin class who wishes to object in any way to the proposed settlement agreement shall file and serve such written objections per the instructions set forth in the notice no later than thirty (30) days after the mailing of the notice, together with copies of all papers in support of their position.

8.  Class counsel shall file a motion for approval of attorneys' fees and costs by not later than 21 days before the date of the fairness hearing.

9.  The clerk of court is directed to schedule a fairness hearing on a date no earlier than 75 days from date of this order to determine whether to finally approve the parties' settlement

and in what amount attorneys' fees and reimbursement of costs and expenses should be awarded

to class counsel.

Entered this 7th day of November, 2022.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge